GERMAN-AMERICAN LUMBER CO., A CORPORATION, *Plaintiff in Error*, vs. C. P. HANNAH, BY NEXT FRIEND, *Defendant in Error*.

### ON REHEARING

PER CURIAM.—A petition for rehearing suggests that the court failed to consider testimony that there was no way designed for a walkway which the plaintiff could have used, that the route taken was the quickest and plainest but not the safest, that the plaintiff did not know of the projecting set screw, that the collar on the revolving shaft was designed for a safety screw and not a projecting one, that of the many set screws used in the mill only eight or ten projected, that a projecting screw is more dangerous than one not projecting and that the plaintiff knew of no other way to use.

All the testimony in the transcript was carefully considered. As contributory negligence of the plaintiff was clearly indicated by the facts and circumstances in evidence, it was not necessary to state more than the conclusions and the legal effect of the evidence. The plaintiff's age, intelligence, experience and most ordinary observa-

tion should have made him know and appreciate the risks and dangers of the conditions that surrounded him. Even if there was negligence in permitting the set screw to project 5/16 of an inch from the safety collar on the revolving shaft, the defendant was under no duty to warn the plaintiff of it when he was not required or expected to go near it. The plaintiff's experience and observation while working "all over the mill" as he testifies, should reasonably have made him assume the risk he took. Whether the plaintiff knew of the projecting set screw or not. he contributed directly to the efficient cause of his own injury by needlessly going where he did without being required to do so, and in allowing his clothing to come within five-sixteenths of an inch of a safety collar on a rapidly revolving shaft.

The main opinion cites and approves the Lassiter case which followed the cases of Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep., 148, and 45 Fla. 286, 33 South. Rep. 1010.

The danger of the route taken was obvious, and under the facts and circumstances in evidence the plaintiff reasonably should have known of and appreciated the different ways and the conditions actually existing as he "had worked all over the mill" for several months, and by the exercise of the ordinary care for his own protection that the law requires of him he could readily have anticipated self injury from his action.

A rehearing is denied.

WHITFIELD, C. J., and SHACKLEFORD and COCKRELL concur.

TAYLOR, HOCKER and PARKHILL, J. J., concur in the opinion.