THE FLORIDA CENTRAL AND PENINSULAR RAILROAD COMPANY, A CORPORATION UNDER THE LAWS OF THE STATE OF FLORIDA, PLAINTIFF IN ERROR, VS. JOHN W. MOONEY, DEFENDANT IN ERROR.

1. In an action for negligence, questions seeking to elicit testimony relating to other accidents causing injury to persons and property in no wise relevant to the case being tried, as well as opinions of witnesses with reference to matters as to which opinion evidence is inadmissble, are properly excluded.

2. Letters by a witness produced by a party concerning the subject-matter of the litigation written to the opposite party, tending to discredit the witness' testimony, are admissible in evidence.

8. If in the performance of his duties an employe had no instructions to pursue a particular method, and two or more methods were open to him, he can not be said to have

been negligent if he in good faith adopted that which was more hazardous than another, if the one adopted was one which reasonable and prudent persons would have adopted under like circumstances.

4. Shifsting cars by means of the kicking back process is not, as a matter of law, necessarily at all times an act of negligence per se, even though there may be a safer method of shifting them.

5. An instruction that a servant, injured by the negligence of a fellow servant, "was bound to exercise ordinary care for his own safety, or that degree of care which prudent persons usually exercise under similar circumstances, and if he was injured by failure to exercise such care, then the" master will not be liable, correctly expresses the statutory rule that a servant must be entirely free from fault in order to recover from the master on account of the negligence of a fellow servant.

6. In an action for personal injury where there is no evidence tending to prove negligence of so gross a character as to authorize the infliction of exemplary damages, and the court gives no instructions whatever upon the subject of damages, it is error to refuse a request to charge that "if you should find that the plaintiff is entitled to any damages you should state how much, and in making up your verdict you can only find such actual damages as may be proved by the evidence. You can not find any exemplary or punitive damages."

This case was decided by Division B.

Writ of Error to the Circuit Court for Levy County.

The facts in the case are stated in the opinion of the Court.

*W. W. Hampton* (with whom was *E. A. Pinnell* on the brief) for Plaintiff in Error.

*Horatio Davis* (with whom was *J. A. Williams* on the brief) for Defendant in Error.

CARTER, P. J.

This was an action instituted by defendant in error against plaintiff in error in the Circuit Court of Levy county to recover damages for personal injuries. Upon writ of error from a judgment for plaintiff such judgment was reversed by this court (Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, 24 South. Rep. 148), and at a subsequent trial plaintiff recovered judgment for $7,000, from which the present writ of error was taken. The pleadings and most important facts of the case will be found stated in the former opinion.

The first assignment of error is based upon the ruling sustaining objection to the following question propounded by defendant upon cross-examination of plaintiff as a witness, *viz*: "Was it not in violation of the rules of the company to jump on or off of cars or to uncouple them while in motion?" The objection interposed was that the printed rules were the best evidence. The objection was untenable, as at the time it was interposed there was no proof that defendant ever had any printed rules Whether, as contended by defendant in error, the ruling would be material in view of the fact that subsequently the defendant produced its printed rules and interrogated the witness respecting them, it is unnecessary to decide, as the judgment is reversed upon another ground, and this precise question may not, and probably will not, arise upon another trial.

The second assignment of error complains that the

court erred in sustaining objections to the following question propounded by defendant to its witness L. H. Temple, *viz*: "In your eighteen years' experience do you know of any accident causing injury to persons or damage to property?" The testimony sought to be elicited by this question was so clearly irrelevent that it is not deemed necessary to discuss the ruling further than to say it was right.

The third assignment of error is based upon the ruling sustaining objections to the following question propounded to the same witness, *viz*: "If the company knew that you had made running switches at night. what would have been the result?" The defendant contended that plaintiff was injured in making a running switch at night and sought to prove by this witness that a rule of the company prohibited employes from making running switches. The witness stated that running switches were very dangerous to persons and property; that he at other places on defendant's line of road had made them—that he made them at night, but did not let the officers of the company know it. Thereupon the question quoted was propounded. The court was right in excluding it. The witness' answer would have been merely his opinion, regarding a matter as to which opinion evidence is inadmissible.

The fourth assignment complains of the ruling admitting in evidence two letters written by defendant's witness Ned F. Launt to plaintiff about a year after the injury. Launt was defendant's locomotive engineer at the time of the injury, and according to plaintiff's testimony his failure to obey a signal to stop the engine and cars caused the injury. This witness had testified that the un-

derstanding between him and plaintiff was that the train was not to stop before it reached the switch at which plaintiff was injured, but that it was simply to slow down, and that he saw no signal given to stop. Plaintiff testified that the train was to stop before the switch was reached upon a signal from him, and that he gave the signal in due time. The letters were as follows:

"Mt. Carmel, Ill., 5-4, 1894.

Dear Friend Jack:

The F. C. & P. lawyer, whose up here, and tried his best to get me to tell him something about the accident, and I would not tell him a word; and if he comes to C. Keys, and tries to bluff you, you tell him to go to hell. He may have some papers, but dont you compromise with a thing, for I did not sign my name to anything. For I did not do anything that would part you in the least, for I would not be that kind of a man. Jack, you just keep still and wait, for you have some enemy in that town that you dont suspect. If I do not go to work, I will be there by and by. Don't not show this to anyone, and when I come I will tell you something that you don't know. Ans. this at once.

Yours, N. F. Launt, Mt. Carmel, Ill.

Cedar Keys, 5-18, 1894.

Jack Mooney,

    Albion, Florida.

Dear Friend Jack:

Meet me at the depot Sunday, on the arrival of No. 16, I want to speak to you—I am going to Waldo Sunday. And please give me that letter, I wrote you from Mt. Carmel. Don't fail to be there.

Resp.

Ned Launt."

These letters were offered in rebuttal and were competent as tending to discredit the testimony of the witness Launt.

The fifth assignment of error is not argued, and is, therefore, treated as abandoned.

The sixth and seventh assignments of error are based upon the following instructions given at plaintiff's request: "Third charge: If in the performance of his duties, J. W. Mooney had no instructions to pursue a particular method, and two or more methods were open to him, he can not be said to have been negligent, if he, in good faith, adopted that method which was more hazardous than another, if the one adopted, be one which reasonable and prudent persons would adopt, under like circumstances.

Fourth charge. Shifting cars by means of the kicking back process, is not necessarily at all times an act of negligence, per se, even though there may be a safer method of shifting them." These instructions assert correct propositions (F. C. & P. Ry. Co. v. Mooney, supra,) and were applicable to the case made by the pleadings and evidence. There was, therefore, no error in giving them.

The eighth assignment of error complains of the refusal to give the second instruction requested by defendant as follows: "Second charge. To entitle the plaintiff to recover damages in this action he must himself have been free from fault. It is not enough for him to show that the company was guilty of the negligence, but it must appear from the evidence that the plaintiff himself employed all reasonable means to foresee and prevent the injury, and that he was entirely free from fault or negligence. Any fault or negligence on his part will prevent

recovery." This instruction was properly refused because in so far as it asserted correct propositions it was fully covered by the first instruction given on behalf of defendant, as follows: "If you believe from the evidence that the plaintiff was injured while engaged in the performance of his usual duties as a servant of the defendant, I charge you that he was bound to exercise ordinary care for his own safety or that degree of care which prudent persons usually exercise under similar circumstances; and if he was injured by failure to exercise such care, then the defendant is not liable in this action." The instruction given correctly states the circumstances under which plaintiff would in law be deemed entirely free from fault, and the jury were advised by it that a failure to exercise the care therein required would bar his recovery.

The tenth assignment of error is based upon exception to certain portions of the argument of counsel for plaintiff. As the judgment is reversed upon another ground it is not necessary to decide the question presented by this assignment, for the reason that the same question will not necessarily arise upon another trial.

The ninth assignment of error complains of the refusal to give the sixth instruction requested by the defendant as follows: "If you should find that the plaintiff is entitled to any damages, you should state how much, and in making up your verdict you can only find such actual damages as may be proved by the evidence. You can not find any exemplary or punitive damages." The bill of exceptions states that "said charge, was predicated upon the following state of facts: There was an entire absence of any wilful or culpable negligence on the part of the defendant company that would justify exemplary or punitive damages; that the only evidence of any negligence at all

on the part of the company's agents was the failure of the engineer to see the signal which was claimed to have been given by the plaintiff switchman; and it further appearing from the testimony of the engineer that he was looking out for the signal at all times, and that no signal was given, and that he slowed up the train, as was understood between himself and the switchman before the switching was done." According to the bill of exceptions and the record before us, the court gave no instructions as to the measure of damages, or upon the subject of damages, except to say that "if you find a verdict for the plaintiff, the form of the verdict should be 'we, the jury, find for the plaintiff and assess his damages at $......; here insert the amount you find, not exceeding $10,000." The defendant had a right to have the court give the instruction requested, confining the jury to a verdict for actual or compensatory damages to be based upon the evidence. The general charge did not confine the jury to compensatory damages, nor even to damages proven by the evidence, but authorized them to find an amount not exceeding that claimed in the declaration. Because of the general character of this charge it was peculiarly appropriate that the requested instruction be given in order that the jury should understand not only that their estimate should not include punitive damages, but that it should be based upon actual damage shown by the evidence. The statement of facts following the refused instruction shows an entire absence of any testimony tending to authorize the infliction of punitive damages, and this being so, it was not improper that the court should instruct the jury that no such damages should be allowed. Chicago, St. Louis and New Orleans Railroad Co. v. Scurr, 59 Miss. 456; Louisville & N. R. Co. v. Hall, 87 Ala. 708, 6 South. Rep.

277. The rule in this respect would be different if there was any evidence whatever tending to show that punitive damages could be properly inflicted, even though the court might be of opinion that the preponderance of the evidence was the other way, for in such case the court should, under proper instruction, leave the question to be decided by the jury like any other fact depending upon conflicting testimony. But where there is no evidence tending to show negligence of so gross a character as to warrant the infliction of punitive damages as is shown to be the case here by the predicate of facts following this refused instruction, the court should not refuse an appropriate instruction withdrawing such question from the consideration of the jury. What is here said is not intended to deny the rule announced in Florida Cent. & P. R. Co. v. Foxworth. 41 Fla. 1, 25 South. Rep. 338, that the jury are to exercise a reasonable/discretion as to the amount of damages to be awarded, based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information; nor is it now decided that if correct instructions are given as to the measure of damages to be awarded, error can be predicated upon the refusal to give an instruction that the jury can not award exemplary or other special items of damage, not properly recoverable in a particular case, even though the general instructions do not specially mention and exclude such improper items. The matter decided is that where no instructions are given as to the measure of damages, it is error to refuse a correct instruction requested confining the jury to the proper measure and to the evidence in ascertaining the amount.

The only other question presented is the sufficiency of

the evidence to support the verdict, and as a new trial must be had, the court refrains from expressing an opinion upon that question.

The judgment is reversed and a new trial granted..