DOWLING LUMBER COMPANY, *a Corporation Under the Laws of the State of Florida, Plaintiff in Error, v.* MARTHA S. KING, *Administratrix of the Estate of J. L. King, Deceased, Defendant in Error.*

1. In an action by an administratrix for damages alleged to have been caused by fire negligently set out upon the premises of the decedent by the engine of a corporation operating a tram road, no error is committed by the trial judge in refusing to

permit a letter written by the decedent to be introduced in evidence in which he stated that the fire was set out by train No. 58, when it is not alleged in the declaration that the fire was set out by a train so numbered, and especially when the purpose of the letter was to confine the evidence on the part of the plaintiff to the condition of an engine numbered 58, its spark arrester and ash pan.

2.  When fence rails, trees, etc., destroyed by fire had no market value in the neighborhood where they were destroyed, all pertinent facts and circumstances tending to establish the real and ordinary value of the property at the time of its destruction are admissible in evidence.

3.  Where it is apparent that damage would result to the adjacent property of others in the event of a fire started along a railway company's abutting roadbed, it is the duty of the company to render the chance of the escape of fire from its engines less hazardous by keeping its roadbed and right of way clear of fire-breeding and combustible material.

4.  Where the evidence is conflicting the judgment of a referee upon the liability of the defendant will not be disturbed.

5.  Gross negligence, not amounting to such wanton and reckless indifference to the rights of others as to be equivalent to an intentional violation of them, will not warrant punitive damages.

This case was decided by Divison B.

Writ of error to the Circuit Court for Taylor County.

The facts in the case are stated in the opinion of the court.

*McCollum & Harrell,* for Plaintiff in Error;

*Hendry & McKinnon,* for Defendant in Error.

HOCKER, J.—J. L. King sued the Dowling Lumber Company, a corporation, in the Circuit Court of Taylor County, to recover damages to the lands and farm of plaintiff alleged to have been caused by fire communicated from a certain locomotive operated on a tramroad through the farm of the plaintiff. It is alleged that weeds, grass and debris had been carelessly and negligently allowed to accumulate on the track and right of way, and that the engine was not properly equipped with spark arresters and a good and sufficient ash pan that would prevent throwing out sparks, coals of fire, etc., and carelessly and negligently allowed coals of fire to drop from the ash pans, and sparks of fire to be emitted from the smoke stack, which fell in the dry grass and debris and ignited the same, causing a fire which destroyed 361 panels of fence of the value of $141.00, three gates of the value of $15.00, burnt over land on which were trees and timber, damaged and destroyed seventy-five trees of the value of $75.00, left the farm open and unprotected against cattle, causing unusual labor and inconvenience. It is alleged "that the defendant by and through its servants, agents and employees then and there well knew of said fire which so destroyed plaintiff's property; that they were then and there present, and saw the said fire as it was raging, but the defendant then and there carelessly, negligently and wantonly failed, neglected and refused to aid the plaintiff in extinguishing said fire, which if such assistance had been rendered, the great damage which was sustained would have been to a great extent avoided." The foregoing contains the substance of the four counts of the declaration.

Pleas of not guilty were filed to the several counts. The plaintiff having died, his administratrix was without objection made party plaintiff in the suit. The cause

was then referred to a referee for trial. The referee made
the following findings:

"This cause being submitted for final hearing upon the
evidence adduced by the parties hereto before the under-
signed referee, the referee finds as follows: That the
defendant allowed, grass, weeds, stubble, trash and de-
bris to accumulate on its road-bed and right of way run-
ning through plaintiff's farm and to remain thereon for
several months—the road-bed not having been cleaned off
and cleared of such grass, weeds, stubble and debris for
more than twelve months prior to the alleged fire—and
that in so doing the defendant was then and there grossly
negligent; that on or about the 17th day of January, 1910,
one of the defendant's locomotives then and there passing
along and over said roadbed through plaintiff's farm, was
not equipped with proper ash-pan and spark arrester and
that by reason of said defective equipment emitted and
dropped sparks and coals of fire on and along said road-
bed and right of way and from which said coals of fire
and sparks the grass, weeds, stubble and debris on and
along said road-bed and right of way were ignited and
therefrom fire spread out over and through plain.....
farm and then and there burned and consumed a..... ti-
ty, to-wit: 361 panels of ten rails each, of plaintiff   .ace,
also burned over plaintiff's woodland and bur .ed and de-
stroyed plaintiff's timber; that said fire was observed by
defendant's employees and that they neglected to render
any aid in extinguishing the same, and that the plaintiff
used his best efforts to extinguish the fire and to avoid
the damage. And the referee find the actual damage
sustained by the plaintiff by reason of defendant's negli-
gence, as alleged and proved, to be One Hundred Sixty-
Six and 51.100 Dollars, and that by reason of defendant's
gross negligence as found, the additional sum of Seventy-

five Dollars should be assessed against it as punitive or compensatory damages.

Therefore, the referee finds for the plaintiff and assesses her damages at Two Hundred, Forty-one Dollars and Fifty-one cents ($241.51), with interest from day of filing suit. This March 22, 1911."

Judgment was entered in accordance with the findings. This judgment is here for review on writ of error.

The evidence shows that the Dowling Lumber Company operated a log railroad through the farm of the defendant in error; that said farm consisted of several hundred acres, and was fenced with a rail fence; that the track and right of way on the 17th of January, 1910, at the time of the fire, was covered with dry weeds and grass and had been in that condition for some time; that fires had occurred on the track and right of way several times before and after the said date, some of them having occurred immediately after the passing of locomotives of the plaintiff in error. The evidence on the part of the defendant in error tend to show that on the morning of the day in question, possibly about 11 o'clock, about a half an hour after the passing of a locomotive and cars through the farm of defendant in error, a fire was seen on or near the track on said farm not far from the fence which enclosed it; that no fire was seen there before the passing of said engine; that defendant in error, with the assistance of others, after considerable labor put out the fire. His evidence also tends to show that the fire started on the track of the railroad and burnt eastward from it; that it destroyed a large number of panels of fence, three gates, about 70 pine trees of considerable size, burnt over about fifteen acres of woodland and damaged or killed the trees thereon. There was testimony on the part of the defendant in error tending to show the amount of the damages.

The assignments of error are quite numerous based on the rejection and admission of testimony. For instance, the plaintiff in error offered to introduce a letter from J. L. King, then dead, in which he stated that the fire was set out by train No. 58. This offer was refused and the ruling is assigned as error. We discover no error in this ruling. It was not alleged in the declaration that the fire was set out by a train so numbered, and there is no proof whatever, nor offer to prove there was a train so numbered. It is true the Lumber Company proved that the train which ran over the road about the time of the beginning of the fire was handled by an engine numbered 58, but the letter does not show that this engine was meant. The purpose of introducing the letter was to confine the evidence to the conditon of said engine 58 as to its spark arrester and ash pan, and to exclude all evidence as to the condition of other engines and all evidence as to fires having been put out, except by this engine. But the allegations of the declaration did not so limit the proof because it described no particular engine. These matters afforded occasion for a number of assignments of error—none of which we think are sustained. Florida East Coast R. Co. v. Welch, 53 Fla. 145, 44 South. Rep. 250.

Again in proving the damages the defendant in error was not in a condition to show that the trees, rails and gates which were burned had any market value, so he resorted to proof of facts from which the actual value of those trees could be estimated. For instance, he showed that the trees in that neighborhood had no market value except as they would make crossties, and that a tree was valued according to the number of crossties it would make, and that each crosstie was worth ten cents. So

that a tree that would make five crossties was worth fifty cents, etc.

So with reference to the damage caused by burning the fence. It was shown that rails had no particular market value, but it was shown how many it would take to restore the fence, what it would cost to split, haul and put them up. These matters gave rise to a number of assignments of error in the introduction of testimony. Such matters are controlled by the decision in Jacksonville, T. & K. W. Ry. Co. v. Peninsular Land, Transp. & Manuf'g Co., 27 Fla. 1, 9 South. Rep. 661. "Where the value of the properties destroyed is the criterion of the amount of damage to be awarded and the property destroyed had no market value at the place of its destruction, then all such pertinent facts and circumstances are admissible in evidence as tend to establish its real and ordinary value at the time of its destruction; such facts as will furnish the jury who alone determine the amount, with such pertinent data as will enable them reasonably and intelligently to arrive at a fair valuation," etc.

Railroads should keep their roadbeds and right of way reasonably clear of dried grass and other combustible material. Where it is apparent that damage would result to the adjacent property of others in the event of a fire started anywhere along a railway company's abutting roadbed, then it is the duty of the company to render the chance of the escape of fire from its engines less hazardous by keeping its roadbed and right of way clear of fire-breeding debris. St. Johns & H. R. Co. v. Ransom., 33 Fla. 406, 14 South. Rep. 892. Says the Supreme Court of Nevada in the case of Watt v. Nevada Cent. R. Co., 23 Nev. 154, 44 Pac. Rep. 423, 3 Am. & Eng. R. R. Cas. (N. S.) 659: "We are of opinion that we are justified in saying that it is common knowledge, based on common observation in

this railway age, that railroad engines of the most approved construction and with the best known appliances and managed by the most skillful engineers and firemen are liable to. and do frequently from necessity or by accident emit sparks and fire capable of igniting dry rubbish or combustible matter along their pathway, and thus place the property of adjoining owners in imminent danger of destructive conflagrations and frequently cause the destruction of property." A number of cases are referred to by this court, among them Medley v. Richmond and Danville R. R. Co. 75 Va. 498, 7 Am. & Eng. R. R. Cas. 493; Jones v. Michigan Cent. R. R. 59 Mich, 437, 26 N. W. Rep. 662. We think these cases dispose of all the important assignments raising questions of law.

The testimony of the Lumber Company was inconsistent with that of the plaintiff below. Mr. Clark, an engineer in charge of engine No. 58, says he passed along through the farm of the defendant in error about 11:30 o'clock A. M.; that as he passed along he saw a fire; that the fence was burning about fifty yards east of the railroad track; that it was not burning at any other place that he knew of; that the right of way was not burned; that his engine and spark arrester were of the best; that he was only running about 15 miles an hour under low pressure, which could not cause the exhaust to throw out coals or sparks in any considerable quantity or size, and that his engine did not set out the fire. He said also his engine had not been along there in about forty hours.

Mr. Hardee was a locomotive engineer for the Dowling Lumber Company on the 17th of January, 1910; was running a work train; had under him a crowd of negro laborers—passed through the King farm about 12:15 P. M. going to Live Oak—observed the fire on the King plantation—about 50 yards to the right of the road going to

Live Oak—just inside of the field; that the fire was out as he came along—his engine did not set out the fire—saw Mr. J. L. King, Mr. McCollough and Mr. King's son out there. These gentlemen did not give any kind of signal, nor requested him to stop and assist in putting out the fire; that he was running about 15 miles an hour; that he had run his engine along there the last time on the day before. It does not affirmative appear whether other engines were used or not on this tramroad. In the face of these statements the witnesses for plaintiff in error testified that soon after a train passed along going from Live Oak the fire was seen; that the wind was blowing from the west; that the fire went from the track eastward, and that there were no other fires that day in the neighborhood. If Mr. Clark was correct, that as he passed along the fire was not fifty yards east of the track and not burning anywhere else, we do not see how it could be probable that the fire would eat back against the wind to the track and stop there. The evidence shows that the track, right of way and adjacent land was covered over with like combustible material, and no reason appears why the fire should have stopped at the track, if it could have worked its way back against the wind. Evidently the referee gave credence to the facts stated by the witnesses for the plaintiff below, and found in her favor, as to the origin of the fire. We also think there is evidence which supports the findings of the referee as to the actual damages. Upon the principle that the same effect is to be given to the findings of a referee upon the testimony as to the verdict of a jury, we think that in the foregoing matters the action of the referee must be sustained. Alachua Phosphate Co. v. Anglo-Continental Guano Works, 51 Fla. 143, 40 South. Rep. 71.

We meet with difficulty when we come to consider the

question of punitive damages. A reference to the finding of the referee will show that for what he considered *gross negligence* on the part of the Dowling Lumber Company he gave the plaintiff below $75.00 as *punitive or compensatory damages.* The distinction between compensatory and punitive damages has frequently been stated by this court, and need not be restated here.

In the case of the Florida Southern Ry. Co. v. Hirst, 30 Fla. 1, 11 South. Rep. 506, this court distinctly held that gross negligence will not justify the imposition of punitive damages, nor can we say the evidence shows such wanton and reckless indifference to the rights of others as to be equivalent to an intentional violation of them. The referee had already fixed the amount of compensatory damages, and we think he erred in giving the amount of $75.00 as punitive damages. Under these circumstances it is considered and ordered that the defendant in error, within 30 days from the date of the filing of the mandate of this court in the Clerk's office of Taylor County file a remittitur of $75.00, of the judgment below in said office, and upon this being done, that the judgment stand affirmed. Otherwise that it stand reversed. It is so ordered.

TAYLOR and PARKHILL, J. J., concur;

WWHITFIELD, C. J., and SHACKLEFORD and COCKRELL, J. J., concur in the opinion.