FLORIDA EAST COAST RAILROAD COMPANY, *Plaintiff in Error,* v. EFFIE W. SCHUMACHER AND JAMES M. SCHU- MACHER, HER HUSBAND, *Defendants in Error.*

The statute authorizes the recovery of compensation "for any damage done to persons, stock or other property, by the running of" a train of a railroad company, and where puni- tive damages are erroneously allowed in a verdict and judg- ment, a remittitur may in a proper case be ordered.

Writ of error to the Circuit Court for Duval County.

The facts in the case are stated in the opinion of the court.

*Alex St. Clair Abrams, A. V. S. Smith,* and *R. E. Stillman,* for Plaintiff in Error;

*C. H. North* and *Bryan & Bryan,* for Defendant in Error.

PER CURIAM.—In an action for personal injuries to the wife caused by the running of a railroad train the verdict and judgment awarded $800.00, to the husband for expenses incurred on account of the injury to the wife and also $8200.00, to the wife. It is conceded that the latter amount included punitive damages, and this is assigned and urged as error.

The statute authorizes the recovery of compensation "for any damage done to persons, stock or other property, by the running of" a railroad company's train. Allegations in the declaration that the railroad company, through its servants and agents, was "wantonly" negligent are not sustained by the evidence. Consequently punitive damages were erroneously allowed.

There was no evidence upon which to base a charge for exemplary damages. There was nothing to show a malicious or intentional injury inflicted upon plaintiff, neither was there any evidence tending to show that the defendant was guilty "of negligence of so gross and flagrant a character as to evince reckless disregard of human life, or of the safety of those exposed to its dangerous effects, or that entire want of care which would raise the presumption of a conscious indifference to consequences, or

to show wantoness and recklessness, or reckless indifference to the rights of others, equivalent to an intentional violation of them, which is necessary to justify a jury in inflicting punitive damages." Florida Cent. & P. R. Co. v. Mooney, 40 Fla. 17, text 34, 24 South. Rep. 148; Florida South. Ry. Co. v. Hirst, 30 Fla. 1, 11 South. Rep. 506, 32 Am. St. Rep. 17, 16 L. R. A. 631; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 South. Rep. 714; Dowling Lumber Co. v. King, decided at June Term, 1911.

The liability of the railroad company for compensatory damages is admitted and both parties to the action request this court to order a remittitur if the award of punitive damages is error. It appears that the wife was rendered unconscious for a few minutes; that the injury consisted in a bruise of the chest and some slight laceration of the skin, and and a fracture of the fourth and fifth ribs with some depression; that this caused traumatic pneumonia, which continued for a week or ten days; that she was confined to the bed for some weeks; that there was acute dilation of the heart which lasted for a few days; that there was some spitting of blood, a great deal of high fever, rapid, weak, pulse and a great deal of shock, pain and nervousness, which lasted in some degree for several months; that pleurisy set in and lasted some weeks and that for several months there was dizziness and fainting spells, nervousness, sleeplessness, nausea, impaired circulation, rapid heart action, pain in the right arm and shoulder and other species of personal discomfort.

The court charged the jury that no damages should be allowed for permanent injury as none was shown.

Under the circumstances of this case, there being no basis for punitive damages it is upon consideration ordered that upon the entry in the trial court of a remittitur of

$4200.00, of the amount awarded to the wife, the judgment will then stand affirmed as to the remainder or $4000.00, of the amount allowed the wife, and as to the award of $800.00, to the husband. If such remittitur is not entered within thirty days after the filing of the mandate of this court in the trial court, the judgment shall stand reversed.

It is so ordered.

WHITFIELD, C. J., AND TAYLOR, SHACKLEFORD, COCKRELL, AND HOCKER, J. J., concur.