# Bowles *v.* Lowery.

*Frightening Animal With Automobile.*

(Decided June 19, 1912. 59 South. 696.)

1. *Damages; Exemplary; Negligence.*—Exemplary damages cannot be recovered for under a count charging simple negligence only, and hence, plaintiff was not entitled to recover punitive or vindicative damages under a complaint charging injury to plaintiff because defendant so negligently operated an automobile as to cause plaintiff's horse to become frightened and run away.

2. *Same.*—Recklessness alone does not necessarily amount to such wanton misconduct or intentional wrong as authorizes a recovery of exemplary damages.

3. *Same; Malicious Acts.*—Exemplary damages are recoverable for a wrong maliciously perpetuated, or where the wrongful act is done knowingly, wantonly and recklessly under such circumstances as to indicate that the wrong doer knew that the act would probably injure persons or property, or where the act was so grossly negligent, oppressive or fraudulent as to amount to malice.

4. *Same.*—Malice is a state of mind which is reckless of law, and the legal rights of citizens. and not necessarily personal hate or ill-will.

5. *Same; Theory of Allowance.*—Exemplary damages are allowed because of the quality of the wrong from which the injured person suffers, and not as compensation.

6. *Negligence; Wantonness.*—An act done in one place or under one set of circumstances might not amount to even simple negligence, and yet, if done in another place and under a different set of circumstances, might amount to such a reckless disregard of the person, life or property of others as to be equivalent in law to wantonness.

7. *Highways; Negligent Use; Pleading.*—Under a complaint claiming damages for the negligent operation of an automobile so as to frighten plaintiffs horse and cause it to run away, plaintiff was entitled to recover compensatory damages if his injuries resulted as a natural and proximate consequence of the act of the defendant in running his automobile on a public highway at a greater rate of speed than that permitted by section 6323, and 6324, Code 1901, or as the natural and proximate result of some other act of negligence of the defendant in the operation of his automobile.

APPEAL from Morgan Law and Equity Court.

Heard before Hon. THOMAS W. WERT.

Action by John R. Lowery against Tom Bowles for damages for frightening a horse by automobile. Judgment for plaintiff, and defendant ·appeals. Reversed and remanded.

The following is charge D: "I charge you that if you are reasonably satisfied from the evidence in this case that plaintiff is entitled to recover, and that the injury was the result of reckless conduct of defendant in the running and management of the automobile, you are authorized to assess punitive or exemplary damages against the defendant."

E. W. GODBEY, and TIDWELL & SAMPLE, for appellant. The evidence fails to show that the road was a public highway of the state.—*Harper v. The State*, 19 South. 900; *McDade v. The State*, 95 Ala. 30. Confessedly, sections 6323 and 6324, Code 1907, refer to public highways.—*Mills v. The State*, 20 Ala. 86. The court, therefore, erred in charging the jury to find for the plaintiff in the event defendant was running at a higher rate of speed in excess of eight miles an hour, and that, as a

matter of law, it was negligence to drive an automobile along the public highway in excess of such rate. The court erred in giving charge D.—*Bir. W. W. Co. v. Keiley,* 56 South. 839; *B. R. L. & P. Co. v. Nolan,* 134 Ala. 332; *Ga. Pac. v. Lee,* 92 Ala. 262; *Wilkerson v. Searcy,* 76 Ala. 176; *Stringer v. R. R. Co.,* 99 Ala. 397; *K. C. M. & B. v. Crocker,* 11 South. 269. The count charged nothing more than simple negligence.—*So. Ry. v. Bush,* 25 South. 170; *H. A. & B. v. Robbins,* 38 South. 30. Counsel discuss other assignments of error, but without citation of authority.

W. T. LOWE, and CALLAHAN & HARRIS, for appellee. No brief reached the Reporter.

DE GRAFFENRIED, J.—1. Since the rendition by the Supreme Court of the opinion in the case of *L. & N. R. R. Co. v. Markee, Adm'x,* 103 Ala. 160, 15 South. 511, 49 Am. St. Rep. 21, it has not been permissible in this state, under a complaint averring only simple negligence, to recover punitive or vindicative damages. "A plaintiff is presumed to know his cause of action when he brings his suit, and has a right to state it in as many counts as he may deem it necessary to meet the varying phases of the evidence; and it is his duty to fully inform the defendant by his declaration of all the grounds of complaint relied upon for a recovery. Having done this, the defendant is in a condition to prepare his pleas in defense."—*L. & N. R. R. Co. v. Markee, Adm'x, supra.* "A declaration or complaint may in one count aver simple negligence, in another willful and intentional wrong, and proper issues may be made up under the pleas to each count; or, if the complaint charged either the one or the other, and the proof was such as to require an amendment of the pleadings by adding a

new count, this should be allowed, and a plea to the complaint, as amended, filed."—*L. & N. R. R. Co. v. Markee, Adm'x, supra.*

In the present case there was but one count to the complaint, and in it the plaintiff claimed of the defendant $5,000 damages, alleged to have been received by him because the defendant so negligently ran or operated an automobile as to cause a horse which plaintiff was driving to become frightened, and to run away and throw the plaintiff out of his buggy, whereby he was severely injured, etc. The complaint was therefore one claiming damages for the simple negligence of the defendant only. Under it the plaintiff was not entitled to recover punitive or vindicative damages.—*L. & N. R. R. Co. v. Markee, Adm'x, supra; Anniston Electric & Gas Co. v. Rosen,* 159 Ala. 195; 48 South. 75, 133 Am. St. Rep. 32; *Rideout v. Winnebago Traction Co.,* 123 Wis. 297, 101 U. W. 672, 69 L. R. A. 601; *McClellan v. Chippewa Valley Elec. R. Co.,* 110 Wis. 326, 85 N. W. 1018.

It is evident, therefore, that the trial court committed reversible error in submitting, under the pleadings in this case, the question of the imposition of vindicative damages upon the defendant. The plaintiff, in his complaint, laid no claim to such damages, and the complaint contains none of the essential averments authorizing their imposition upon the defendant.

2. Mere recklessness, without more, does not constitute wanton or willful injury. Exemplary damages are allowable to one injured by the wrong of another, when the wrong is *maliciously* perpetrated, or where the wrongful act is done knowingly, wantonly, and recklessly, under such circumstances, as indicate that the wrongdoer knew that the act was fraught with prob-

[Bowles v. Lowery.]

able injury to person or property.—*Leinkauf & Strauss v. Morris,* 66 Ala. 406. To justify the imposition of exemplary damages, malice must accompany the wrong complained of, or such gross negligence or oppression or fraud as amounts to malice.—*Wilkinson v. Searcy,* 76 Ala. 176; *Stringer v. Railroad Co.,* 99 Ala. 397, 13 South. 75.

While malice is not necessarily personal hate or ill will, it is "that state of mind which is reckless of law and of the legal rights of the citizen." To authorize a recovery, therefore, of vindicative damages, the act producing the injury must be done either from personal hate or ill will, or the evidence must show that when he did the act the wrongdoer was in a state of mind which was reckless of law and of the legal rights of the citizen.—*Birmingham Water Wks. Co. v. Keiley,* 2 Ala. App. 629, 56 South. 838.

Of course, the circumstances attendant upon the perpetration of a wrong largely determine the character of the wrong. An act, done in one place, or under one set of circumstances, may not amount to an act of simple negligence even; the same act, done in another place, or under another set of circumstances, may amount to that reckless disregard of the persons, lives, or property of others as to amount, in law, to wantonness. There must, however, exist more than the mere doing of an act recklessly for the act to amount to such wanton misconduct or intentional wrong as will justify the imposition of exemplary damages upon its perpetrator. —*Highland Ave. & B. R. Co. v. Robinson,* 125 Ala. 483, 28 South. 30. Exemplary damages are allowed by the law, not as compensation to the injured party, but because of the *quality* of the wrong from which he suffers.—*Birmingham Water Wks. Co. v. Keiley, supra.* The trial court therefore committed reversible error in

giving charge D) to the jury.—*Highland Ave. & B. R. Co. v. Robinson, supra; Southern Ry. Co. v. Bush*, 122 Ala. 470, 26 South. 170; *Richmond & Danville R. Co. v. Farmer*, 97 Ala. 141, 12 South. 86; *Stringer v. Railroad Co., supra; Kansas City, etc., v. Crocker*, 95 Ala. 412, 11 South. 269.

We have above discussed the only important questions appearing in the record which we thought might present difficulty to the trial court on the next trial of this case. The bill of exceptions shows that, during the examination of the witnesses, and while the trial was in actual progress, the road upon which the injury occurred was treated as a public highway. It is evident that on the next trial evidence upon that subject can be made more abundant than it appears to have been on the former trial. Confessedly the defendant, at the time of the injury, was running his automobile at a *higher* rate of speed than that allowed under the provisions of sections 6323 and 6324 of the Code. If the plaintiff's injuries were received by him as the natural and proximate result of *that* fact, then he is entitled, under the pleadings as they now exist, to compensation for the actual damages so suffered by him. If, on the contrary, they were not due to *that* fact, then did they occur as the natural and proximate result of some *other* act of negligence of the defendant in the operation of his automobile at the time and place of the injury? If so, the plaintiff is entitled to recover, and, if not, he is not.

The judgment of the court below is reversed, and the cause remanded.

Reversed and remanded.