SOUTHERN UTILITIES COMPANY, A CORPORATION, *Plaintiff in Error*, v. MAMIE DAVIS, BY B. C. MOORE, HER NEXT FRIEND, *Defendant in Error*.

Opinion Filed March 11, 1922.

1. Where the widow sues for damages for the death of her husband by the wrongful act of another, in estimating her pecuniary loss the jury may properly take into consideration her loss of the comfort, protection and society of the

husband in the light of all the evidence in the case relating to the character, habits and conduct of the husband as husband, and to the marital relations between the parties at the time of and prior to his death; and they may also consider his services in assisting her in the care of the family, if any; but the widow is not entitled to recover for her mental anxiety or distress over the death of her husband, nor for his mental or physical suffering from the injury. She is also entitled to recover reasonable compensation for the loss of support which her husband was legally bound to give her, based upon his probable future earnings and other acquisitions, and the station or condition in society which he would probably have occupied, according to his past history in that respect, and his reasonable expectations in the future; his earnings and acquisitions to be estimated upon the basis of deceased's age, health, business capacity, habits, experience, energy and his present and future prospects for business success at the time of his death. All these elements to be based upon the probable joint lives of the widow and husband. She is also entitled to compensation for loss of whatever she might reasonably have expected to receive in the way of dower or legacies from her husband's estate, in case her life expectancy be greater than his. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages. Within these limits the jury exercise a reasonable discretion as to the amount to be awarded, based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information.

2.  In an action for wrongful death the determination of the amount of damages is by no means left to the uncontrolled discretion of the jury. Their estimate must be based on facts in evidence, and confined to those damages which are pecuniary in their nature, and result from the death of the deceased.

3.  Where the evidence as to reasonable damages is so fragmentary and lacking in particulars that are material to a reasonable appropriate estimate of the damages alleged to

have been sustained, as to be insufficient to sustain the amount of the verdict, and the appellate court cannot with satisfactory certainty determine from the record what would be a proper remittitur, the judgment will be reversed.

A Writ of Error to the Circuit Court for Broward County; E. C. Davis, Judge.

Judgment reversed.

*Maxwell Baxter, E. G. Baxter, C. L. Chancey* and *W. B. Crawford*, for Plaintiff in Error;

*C. E. Farrington* and *Carson & Botts*, for Defendant in Error.

PER CURIAM.—In an action brought under Sections 4960 and 4961, Revised General Statutes, 1920, the defendant in error recovered a judgment for $18,000.00 damages for the wrongful death of her husband, and the defendant took writ of error.

Where the widow sues for damages for the death of her husband by the wrongful act of another, in estimating her pecuniary loss the jury may properly take into consideration her loss of the comfort, protection and society of the husband in the light of all the evidence in the case relating to the character, habits and conduct of the husband as husband, and to the marital relations between the parties at the time of and prior to his death; and they may also consider his services in assisting her in the care of the family, if any; but the widow is not entitled to recover for her mental anxiety or distress over the death of her husband, nor for his mental or physical suffering from the injury. She is also entitled to recover reasonable compen-

sation for the loss of support which her husband was legally bound to give her, based upon his probable future earnings and other acquisitions, and the station or condition in society which he would probably have occupied, according to his past history in that respect, and his reasonable expectations in the future; his earnings and acquisitions to be estimated upon the basis of deceased's age, health, business capacity, habits, experience, energy and his present and future prospects for business success at the time of his death. All these elements to be based upon the probable joint lives of the widow and husband. She is also entitled to compensation for loss of whatever she might reasonably have expected to receive in the way of dower or legacies from her husband's estate, in case her life expectancy be greater than his. The sum total of all these elements to be reduced to a money value and its present worth to be given as damages. Within these limits the jury exercise a reasonable discretion as to the amount to be awarded, based upon the facts in evidence and the knowledge and experience possessed by them in relation to matters of common knowledge and information. Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 South. Rep. 338; Florida Cent. & P. R. Co. v. Foxworth, 45 Fla. 278, 34 South. Rep. 270.

The determination of the amount of damages is by no means left to the uncontrolled discretion of the jury. Their estimate must be based on facts in evidence, and confined to those damages which are pecuniary in their nature, and result from the death of the deceased. Duval v. Hunt, 34 Fla. 85, 15 South. Rep. 876.

In this case the evidence from which recoverable damages may be properly estimated is so fragmentary and lacking in essential particulars that are material to a rea-

sonably appropriate estimate of damages sustained by the widow, as to be insufficient to sustain the amount of the verdict; and as on this record the court cannot with satisfactory certainty determine what would be a proper remittitur, the judgment must be and is hereby reversed for a new trial.

It is so ordered.

BROWNE, C. J., AND TAYLOR, WHITFIELD, ELLIS AND WEST, J. J., concur.