FLORIDA EAST COAST RY. CO. v. W. C. McROBERTS.

149 So. 631.

Division A.

Opinion Filed July 6, 1933.

Rehearing Denied August 10, 1933.

*J. P. Lamb, John H. Summerlin* and *Robert H. Anderson,* for Plaintiff in Error;

*J. V. Walton,* for Defendant in Error.

DAVIS, C. J.—In an action for wrongful death brought under the Florida statute, W. C. McRoberts, plaintiff below, for the alleged wrongful death of his wife, recovered a judgment against the defendant, Florida East Coast Railway Company, in the sum of $22,500.00. Writ of error brings the case to this Court.

At the trial, the railway company, with the consent of the Court, withdrew its pleas to the plaintiff's declaration, and asked the court to enter, as to the merits of the case, a default against it. Default was accordingly entered and the case proceeded before the jury as an inquest of damages to be allowed for the wrongful death admitted to have been perpetrated by the negligence of the defendant.

As the trial was about to proceed, counsel for the railway company objected to the reading to the jury, by counsel for plaintiff, of plaintiff's third count of his declaration. The ground of objection was that the third count related solely to the recovery in the pending action, of exemplary damages. Such damages, so counsel for the defendant urged as ground of his objection, could not be recovered for wrongful death, under the Florida statute. The trial judge overruled the objection. Defendant excepted.

And so it was that throughout the hearing before the jury, defendant railway company from time to time renewed and insisted upon its objection that in an action for wrongful death, exemplary or punitive damages were not recoverable. But in each instance the objections were overruled, and at the conclusion of the trial, the circuit judge charged the jury to the contrary effect, while denying requested charges proposed by defendant for the purpose of instructing the jury in line with defendant's contentions.

So the sole question presented to us by this writ of error is whether or not under the Florida Wrongful Death Statute (Sections 4960-4961 R. G. S., 7047-7048 C. G. L.) exemplary or punitive damages are recoverable where the facts of the case before the jury would warrant the recovery of such exemplary or punitive damages, had no death ensued from the negligence proved. In this connection it is appropriate to state at this point that for the purpose of this writ of error, it is conceded by counsel for the railway company that a sufficient factual basis for the recovery of exemplary damages was laid by plaintiff in his evidence, provided it should be determined that in an action for wrongful death, such damages are recoverable as a matter of law.

The Florida statute on the subject of recovery for wrongful death, reads as follows:

"Whenever the death of any person in this State shall be caused by the wrongful act, negligence, carelessness or defauls of any individual or individuals, or by the wrongful act, negligence, carelessness or default of any corporation, or by the wrongful act, negligence, carelessness, or default of any agent of any corporation, acting in his capacity of agent of such corporation (or by the wrongful act, negligence, carelessness or default of any ship, vessel or boat or persons employed thereon), and the act, negligence, carelessness or default, is such as would, if the death had not ensued, have entitled the party injured thereby to maintain an action (or to proceed in rem against the said ship, vessel or boat, or in *personam* against the owners thereof, or those having control of her) and to recover damages in respect thereof, then and in every such case the person or persons who, or the corporation (or the ship, vessel or boat), which would have been liable in damages if death had not

ensued, shall be liable to an action for damages (or if a ship, vessel or boat, to libel *in rem,* and her owners or those responsible for her wrongful act, negligence, carelessness or default, to a libel *in personam*), notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to a felony. (Ch. 3429, Acts 1883, Sec. 1; Ch. 6913, May 28, 1915, Sec. 1)."

The common law afforded no remedy for death by wrongful act. Hence the right and the remedy are purely statutory. Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 Sou. Rep. 338, 79 Am. St. Rep. 149; Flanders v. Georgia Southern & F. R. Co., 68 Fla. 479, 67 Sou. Rep. 68. In order to supply the want of a remedy in those cases where negligent acts resulted in the death of the injured party, there was enacted in England, in the year 1846, an Act of Parliament known as "Lord Campbell's Act." This law for the first time provided a right of action for death by wrongful act. Since that time, Lord Campbell's Act, in various forms, has been substantially enacted in every State in the United States, except one. In Louisiana a remedy of equivalent import is provided according to the course of the civil law which prevails in that State.

Actual damages are recoverable at law, out of a wrong-doer by the injured party as a matter of right. Such damages are recoverable as compensation for the actual loss sustained by such an injured party by reason of the *tort feasor's* wrongdoing. It is not so as to punitive damages. Punitive damages are damages over and above such sum as will compensate a person for his actual loss. And the law permits their imposition, in proper cases, at the discretion of the jury, not because the party injured is entitled under the law to recover punitive damages as a matter of right,

but as punishment to the wrongdoer, for the purpose of deterring him and others committing similar violations of the law, from such wrongdoing in the future. Therefore exemplary damages are, as it has been said, allowed by the law, not as a matter of compensation to the injured party, but because of the *quality* of the wrong done by the *tort feasor,* from which the injured party suffers. Bowles v. Lowery, 5 Ala. App. 555, 59 Sou. Rep. 696.

So it may be said to have been well established, both in England and the United States, as a principle of the common law, that in all actions for torts the jury may be authorized to inflict what are called punitive damages, having in view the enormity of the offense which has occasioned the injury, rather than the measure of compensation to be awarded to the plaintiff therefor. Day v. Woodworth, 13 Howard (U. S.) 363, 14 L. Ed. 181; Florida Ry. & Nav. Co. v. Webster, 25 Fla. 394, 5 Sou. Rep. 714; Florida Sou. Ry. Co. v. Hirst, 30 Fla. 1, 11 Sou. Rep. 506, 32 A. St. Rep. 17, 16 L. R. A. 631; Florida Cent. & P. R Co. v. Mooney, 40 Fla. 17, 24 Sou. Rep. 148; same, 45 Fla. 286, 33 Sou. Rep. 1010; Florida East Coast R. Co. v. Schumacher, 63 Fla. 137, 57 Sou. Rep. 603; Dowling Lbr. Co. v. King, 62 Fla. 151, 57 Sou. Rep. 337.*

In cases of injury to the person, in addition to the right of action of the party receiving the physical injury to recover compensatory, or even punitive damages therefor, causes of action sometimes accrued to persons who stood to the injured party, in the relation of master, parent or

---

*Vamvaks v. Chantly, 107 Fla. 838, 145 Sou. Rep. 838, is a good illustration of the rule permitting punitive damages to be recovered in tort actions as a means of deterring wrongdoing. In that case, recovery of $25,000.00 damages for willful seduction of plaintiff's wife was sustained on this theory.

husband, for the recovery by the latter of damages for loss of services or society. The maxim, *"auto personalis moritur cum persona,"* had no application to damages recoverable by persons of the latter description for the loss of services or society which took place before death, that is, during the period of time intervening a fatal injury and actual dissolution. Such was the holding of the leading English cases that antedated the passage of Lord Campbell's Act in 1846.

Consequently we find that the English common law rule originating in the early case of Higgins v. Butcher, 1 Yelverton 89, decided in 1606, and reaffirmed by Lord Ellenborough in the case of Baker v. Bolton, 1 Camp. 493, decided in 1808, was definitely to the effect that in an action for negligence brought against one for so severely injuring plaintiff's wife that she died within a comparatively short time thereafter, the only recovery permissible in the action was the loss of the wife's society to the plaintiff, and his distress of mind on her account, from the time of the accident to the moment of the wife's dissolution. Where the negligent death was instantaneous, no recovery at all could be had, since the rule *"actio personalis moritur"* applied to the deceased and no right, under the circumstances, for damages otherwise, could accrue to the surviving husband.

Whatever may have been the wisdom or justice of the common law rule, as it had been early declared in Higgins v. Butcher, *supra,* and later restated without serious challenge of its correctness, in Baker v. Bolton, *supra,* the fact remains that the rule of the common law as it was finally epitomized in Baker v. Bolton, by Lord Ellenborough, became and was recognized in this State as a part of the common law of Florida, and was so regarded by our Legislature when it undertook to change that rule by the enactment of Chapter 3429, Acts of 1883, which subsequently

became Section 7047 C. G. L., 4960 R. G. S.,—our death by wrongful act statute.*

While it has been observed by many jurists and text writers that Lord Ellenborough's statement of the common law rule just referred to in Baker v. Bolton, *supra,* was made by him without any attempt to support it by giving his reasons, nor the citation by him of any authority purporting to justify the existence of any common law rule as was then declared by him, nevertheless his statement that such was the applicable law of that case, has been accepted since then in nearly all subsequent cases in England as well as in this country. Consequently it is now generally acknowledged to be a final and authoritative declaration of the common law rule on the subject of what, if any, recovery of damages may be had by a husband, in case of the death of his wife alleged to have been brought about by another's wrongful act. And as conclusive of what should be declared to be the common law rule in this State, this Court feels impelled to accept Lord Ellenborough's summarization in Baker v. Bolton, *supra,* as a correct statement of the common law of Florida, absent any statute providing for a right to sue for recovery of damages sustained in suits for damages alleged to have been suffered by a death by wrongful act.

Since, at common law, there was no recognized rule allowing any kind of action solely for wrongful death,—that

*Section 87 C. G. L., 71 R. G. S., reads as follows: "The common and statute laws of England which are of general and not a local nature, with the exception hereinafter mentioned, down to the fourth day of July, 1776, are hereby declared to be of force in this State: Provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the Acts of the Legislature of this State (Nov. 6, 1829, Sec. 1)."

is to say, allowing a recovery for the permanent damage and loss necessarily occasioned by the wrongful death itself, as distinguished from the loss suffered because of the effect of a physical injury or disability brought about by a negligent injury,—we think that it is manifest that the adoption of the death by wrongful act staute in this State did not repeal, nor did its adoption merely create an exception to, the rule of *"cum personalis moritur cum persona,"* by providing for a survival of the right of action which the deceased party might have maintained had he been simply injured, and lived. We think that this is so for the reason that the statutory action for wrongful death is not maintainable by the party entitled to sue, for the recovery of damages by those who are permitted to sue in the stead of the deceased, for the recovery of the damages that have resulted to the deceased himself, and hence by survival to his estate, but is only maintainable under the statute for the recovery of compensation for the loss resulting to the statutory beneficiaries when occasioned to such beneficiaries, not to the deceased, by the death complained of.

The fact that the statute provides that an action for death by wrongful act can be maintained by the statutory beneficiaries only when the alleged wrongful death has been caused under such circumstances as would have entitled the injured party himself to maintain an action had he lived, is simply a regulation of, and a limitation on, the new statutory right of action created.

Sections 4960-4961 R. G. S., 7047-7048 C. G. L.,—the Florida Death by Wrongful Act Statutes, do not purport to transfer to the statutory representatives of a person killed by another's wrongful act, the right of action which the injured party might have maintained for his injury had he lived, but those sections give to such statutory representatives, subject to the terms, conditions and limitations of

the statute, a totally new right of action for the wrongful death, and that on different principles. See Blake v. Midland Ry. Co., 18 Q. B. 93, 21 L. J. Q. B. 233; 16 Jur. 562; Leggott v. Great Northern Ry. Co., 1 Q. B. D. 599, 45 L. J. Q. B. 557, 30 L. T. 334, 24 W. R. 784; Whitford v. Panama R. Co., 23 N. Y. 465; Russell v. Sunbury, 37 Ohio St. 372, 41 Am. Rep. 523; Hamilton v. Jones, 125 Ind. 176, 25 N. E. Rep. 192; Mason v. Union Pac. Ry. Co., 7 Utah 77, 24 Pac. Rep. 796.

Having seen that this conclusion is irrefutable, that the statutes grant a new right of action for death by wrongful act, and not merely a continuation of the old one by way of a substituted form of action in favor of the deceased's representatives, for recovery of the particular damages the deceased himself might have recovered by reason of the wrongful infliction of the injuries from which he died, it would seem to be clear on principle, if there were no authority on the subject, that exemplary, punitive or vindicative damages cannot be recovered by those whom the statute vests with authority to bring suit, nor for recovery of the damages the deceased himself might have become entitled to recover, but for recovery by the statutory plaintiffs, of *compensation* for the death of the person injured by the wrongful act or default of another. See what was intimated on this subject, if not actually decided, in the cases of Duval v. Hunt, 34 Fla. 85, 15 Sou. Rep. 876; Florida Cent. & P. R. Co. v. Foxworth, 41 Fla. 1, 25 Sou. Rep. 338; 45 Fla. 278, 34 Sou. Rep. 270; Jacksonville Electric Co. v. Bowden, 54 Fla. 461, 45 Sou. Rep. 755; Florida East Coast Ry. Co. v. Hayes, 67 Fla. 101, 64 Sou. Rep. 504; Marianna & B. R. Co. v. May, 83 Fla. 524, 91 Sou. Rep. 553; Southern Utilities Co. v. Davis, 83 Fla. 366, 92 Sou. Rep. 683; Dina v. S. A. L. Ry. Co. 90 Fla. 558, 106 Sou. Rep. 416. See also what is said on this subject in general in Tiffany's

Death by Wrongful Act (2nd Ed.) 328; 8 R. C. L. 844, section 120.

The language of the Florida statute (Section 7048 C. G. L., 4961 R. G. S.) to the effect that in actions for wrongful death "the jury shall give" such damages as the "party or parties entitled to sue may have sustained by reason of the death of the party killed" implies that punitive damages are to be excluded from consideration. An examination by us of the statutes of the various States of the Union substantially following the language of the original Lord Campbell's Act discloses that in nearly all of them wherein the point has been raised, the statutes have been judicially construed as not authorizing the recovery of punitive or exemplary damages by the parties entitled to sue under them. A table copied from plaintiff in error's brief giving the classification of these statutes, and what has been decided respecting them, is set forth in the margin.*

*Class I: Statutes which substantially follow the original of Lord Campbell's Act providing that "the jury may give such damages as they may think proportioned to the injury resulting from such death."

Class II: Statutes which fix the maximum amount of damages the jury may award.

Class III: Statutes expressly authorizing punitive damages.

Class I: Statutes which substantially follow the original of Lord Campbell's Act providing that "the jury may give such damages as they may think proportioned to the injury resulting from such death":

| State | Punitive Damages Authorized |
|---|---|
| Arizona | |
| Arkansas | Yes |
| California | .No |
| Colorado | No |
| Delaware | No |
| Florida | |
| Georgia | No |

The facts of the case now before the Court, shown by the bill of exceptions, were as follows:

Prior to 1925 the Florida East Coast Railway Company operated a single-track railroad from Jacksonville to Key West, Florida. The main line ran from St. Augustine to East Palatka and back to Bunnell and on down the coast. In 1925 it double-tracked its main line between Jacksonville and Miami and in so doing eliminated Palatka by constructing a cut-off directly between St. Augustine and Bunnell, thereby saving some twenty miles. After this time the service into and out of Palatka was handled by a local train moving between St. Augustine and Bunnell, *via* that point. When this train reached Bunnell there was no way for it to turn around so it backed up as far as Palatka, a distance of twenty-six miles.

On May 3rd, 1930, the plaintiff's wife was a passenger on this train (No. 46) from Bunnell to East Palatka. The

| | |
|---|---|
| Idaho | |
| Illinois | No |
| Iowa | No |
| Kansas | No |
| Maine | No |
| Maryland | No |
| Michigan | Doubtful |
| Nebraska | No |
| New Hampshire | No |
| New Jersey | No |
| New York | No |
| North Carolina | No |
| North Dakota | No |
| Ohio | No |
| Oklahoma | No |
| Pennsylvania | No |
| Rhode Island | No |
| South Dakota | No |
| Tennessee | Yes |

train left Bunnell on schedule time, at 6:10 A. M. It was backing northwardly in accordance with its invariable practice. When it had proceeded a couple of miles it was struck by a south-bound freight train. Mrs. McRoberts was riding in the foremost car and lost her life in the accident.

In his action against the railway company, the plaintiff set up the foregoing facts as constituting negligence. He claimed, by way of compensatory damages, the deprivation of the society, companionship, consolation and services of his wife, her expert care and attention as a trained nurse and her large earnings which he alleged he was accustomed and entitled to receive and the benefits of which he was accustomed to enjoy. He also made claim for mental anguish but abandoned it at the trial. In the third count defendant was charged with gross negligence as a basis for a claim for punitive damages.

The jury, over the defendant's protest, was instructed that if it found from the evidence that the negligence of the defendant was gross they were authorized to award punitive damages.

|  |  |
|---|---|
| Utah | No |
| Vermont | No |
| Virginia | Yes |
| Washington | No |
| West Virginia | Yes |
| Wisconsin | No |
| Wyoming | Probably yes—*Dicta* |

Class II: Statutes which fix the maximum amount of damages the jury may award:

| State | Punitive Damages Authorized | Limit |
|---|---|---|
| Connecticut | Probably yes | $10,000 |
| Colorado | No | 5,000 |
| Illinois | No | 10,000 |
| Indiana | No | 10,000 |

That the jury found from the evidence that the negligence of the railway company causing the death of plaintiff's wife was gross, and that they awarded to him punitive damages as authorized by the instructions and rulings of the trial court, is evident from the return of a verdict awarding as his damages the sum of $22,500.00. That amount of recovery was unauthorized because, as we have pointed out, punitive damages should have been excluded from the jury's consideration. And likewise their allowance should not have been permitted to stand in the verdict returned, in face of a motion for a new trial raising that specific point.

Section 4640 C. G. L., 2921 R. G. S., reads as follows:

"Hereafter an appellate court in reversing a judgment of a lower court brought before it for review by writ of error may, by the order of reversal, if the error for which reversal is sought is such as to require a new trial of the action in the court below, direct that a new trial shall be had on all the issues shown by the record or upon a part of such issues only, and when a reversal is had with the direction

| Iowa (women only) | Yes | 15,000 |
| Kansas | No | 10,000 |
| Maine | No | 5,000 |
| Massachusetts | Yes | 10,000 |
| Minnesota | No | 7,500 |
| Missouri | Yes | 10,000 |
| Oregon | No | 10,000 |
| South Dakota | No | 10,000 |
| Virginia | Yes | 10,000 |
| West Virginia | Yes | 10,000 |
| Wisconsin | No | 10,000 |

Class III: Statutes expressly authorizing punitive damages: Alabama, Colorado (Sec. 6302), Iowa (women only), Kentucky, Massachusetts, Missouri, Mississippi, Montana, Nevada, New Mexico, South Carolina, Texas.

for a new trial to be had on a part only of the issues, all other issues shall be deemed to be settled conclusively in favor of the defendant in error (Ch. 6467, June 7, 1913, Sec. 1)."

Under the foregoing statute, the Supreme Court has authority when ordering a new trial to correct an error as to which reversal is sought, to direct that a new trial shall be had on all the issues shown by the record, or upon a part only of such issues, as the right and justice of the case may demand.

In this case, the plaintiff's right to recover damages was expressly admitted by the defendant below at the trial. And, indeed, the same admission was made at the bar of this Court during the course of the oral argument. We therefore consider that while this is an appropriate case wherein a new trial should be awarded, that such new trial should be awarded only as to the amount of damages to be allowed plaintiff, and that all other issues should be deemed settled by the judgment appealed from, conclusively in favor of defendant in error.

The verdict of the jury is accordingly set aside and a new trial awarded on the question of damages, with directions to exclude from the jury on a subsequent trial of that issue, all evidence and instructions to the jury to the effect that plaintiff has any right to recover exemplary or punitive damages as an element of his recovery. In all other respects the plaintiff's judgment against the defendant and all the issues adjudicated thereby except the amount of plaintiff's damages, is affirmed and the cause remanded for further proceedings to be had according to law.

New trial awarded as to damages, and cause remanded for further proceedings, with directions.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.

## On Petition for Rehearing.

Per Curiam.—At common law the principle was well settled that an action for personal injuries dies with the injured party. Assuming that under the common law a willfully or wantonly inflicted personal injury necessarily carried with the right to recover compensatory damages the further or incidental right to recover punitive damages as well, and assuming that punitive damages were thus permitted to be recovered against the wrongdoer, because of the law's desire to protect society, the same rule of the common law which caused the principal right of action to die with the injured party also caused to die with the action the incidental right to punitive damages. The common law right to recover punitive damages having accrued as an incident to the right of the injured party to recover from the tortious injury inflicted in this case, the death of such injured party caused both the right of action and the incidents to it to die at the same time. And having once died, our holding is that the language of the statute creating a new statutory action for wrongful death, affirmatively negatives the idea that punitive damages are to be considered as an incident to the damages allowed for the new statutory cause of action.

The default admitted the cause of action but not the damages claimed in the punitive damage count of the declaration. St. Lucie Estates, Inc. v. Palm Beach Plumbing Sup. Co.; 101 Fla. 205, 133 Sou. Rep. 841; Russ v. Gilbert, 19 Fla. 54; Watson v. Seat, 8 Fla. 446.

Rehearing denied.

Davis, C. J., and Whitfield, Terrell, Brown and Buford, J. J., concur.