196 So.2d 242 (1967)
LINDGREN PLUMBING COMPANY, INC., a Florida Corporation, Appellant,
v.
DORAL COUNTRY CLUB, INC., a Florida Corporation, and Herman Kaskel, Appellees.
No. 66-453.
District Court of Appeal of Florida. Third District.
March 7, 1967.
Rehearing Denied March 28, 1967.
Hyzer, Knight & Lund, Miami, for appellant.
Frates, Fay, Floyd & Pearson and Larry S. Stewart, Miami, for appellees.
Before CARROLL, BARKDULL and SWANN, JJ.
CARROLL, Judge.
The action out of which this appeal arose was one for conversion of personal property, brought by Lindgren Plumbing Co., Inc. against Doral Country Club, Inc. and Herman Kaskel. Trial of the cause resulted in a judgment in favor of the plaintiff for $20,186.20 compensatory damages. No punitive damages were awarded, upon the trial court ruling that the facts would not support an award thereof. On an appeal by the defendant *243 and a cross appeal by the plaintiff, this court modified the judgment by reducing the amount of the compensatory damages to $8,448.51, reversed the ruling of the trial court excluding punitive damages, and remanded the cause to the trial court with direction to submit the issue of punitive damages to a jury. See Doral Country Club, Inc. v. Lindgren Plumbing Co., Fla. App. 1965, 175 So.2d 570.
In subsequent proceedings a jury verdict was rendered for punitive damages in the amount of $10,000 against defendant Doral Country Club, Inc. and in the amount of $500 against the defendant Herman Kaskel. The present appeal is by the plaintiff from the judgment entered thereon.
On considering the contentions of the appellant in the light of the record and briefs, we conclude that no reversible error has been demonstrated, and that the judgment should be affirmed.
On the evidence presented the trial judge did not commit error in refusing plaintiff's requests to charge the jury on the statutory definition of the crimes of grand larceny, conspiracy to commit a felony, and of breaking and entering an automobile or trailer with intent to commit a crime. The appellant's contention that the awards of punitive damages were inadequate is without merit. Punitive damages are not recoverable as a matter of right. In a case where they are proper they may be awarded in the discretion of the jury. Florida East Coast Ry. Co. v. McRoberts, 111 Fla. 278, 149 So. 631, 94 A.L.R. 376; Fisher v. City of Miami, Fla.App. 1964, 160 So.2d 57; Spencer Ladd's, Inc. v. Lehman, Fla.App. 1964, 167 So.2d 731.
In Florida East Coast Ry. Co. v. McRoberts, supra, the Supreme Court said:
"Actual damages are recoverable at law out of a wrongdoer by the injured party as a matter of right. Such damages are recoverable as compensation for the actual loss sustained by such an injured party by reason of the tort-feasor's wrongdoing. It is not so as to punitive damages. Punitive damages are damages over and above such sum as will compensate a person for his actual loss. And the law permits their imposition, in proper cases, at the discretion of the jury, not because the party injured is entitled under the law to recover punitive damages as a matter of right, but as punishment to the wrongdoer, for the purpose of deterring him and others committing similar violations of the law from such wrongdoing in the future. Therefore exemplary damages are, as it has been said, allowed by the law, not as a matter of compensation to the injured party, but because of the quality of the wrong done by the tort-feasor, from which the injured party suffers. Bowles v. Lowery, 5 Ala.App. 555, 59 So. 696."
We are not now called upon to decide whether in any case it would be appropriate for a trial court on motion for new trial, or for an appellate court on appeal, to set aside a verdict for punitive damages for inadequacy. The punitive damage awards in the instant case were not for unsubstantial sums. It was within the discretion of the jury to refuse to allow punitive damages, or to allow them in such amount as they determined proper based on the evidence, and on the law as given them in charge by the court.
Affirmed.