# ULYSSES LACEY v. MINNEAPOLIS STREET RAILWAY COMPANY.[1]

June 21, 1912.

Nos. 17,676—(152).

*Injury to passenger — negligence — contributory negligence.*

Plaintiff, while a passenger on a street car, became nauseated, put his head out of an open window of the car, and was struck by an upright plank used as sheathing in a sewer being constructed. It is *held:*

1. It did not conclusively appear from the evidence that defendant was free from negligence in not warning passengers of the obstructions in close proximity to the tracks, or in not screening or placing barriers on the windows of the car.

2. Plaintiff was not guilty of contributory negligence as a matter of law.

[1] Reported in 136 N. W. 878.

[Note] Contributory negligence of passenger on street car in exposing part of his body beyond side of car, see note in 5 L.R.A. (N.S.) 274.

3. Certain instructions to the jury were not applicable to the facts, and were calculated to confuse and mislead the jury, in the absence of other instructions clearly and correctly stating the question to be determined by the jury and the law applicable.

Action in the district court for Hennepin county to recover $10,000 for personal injuries. The answer alleged negligence on the part of plaintiff. The reply denied plaintiff's negligence. The case was tried before Steele, J., and a jury which returned a verdict in favor of defendant. From an order denying plaintiff's motion for a new trial, he appealed. Reversed and new trial granted.

*Ernest W. Campbell* and *Latham, Pidgeon & Larson,* for appellant.

*John F. Dahl, W. O. Stout,* and *D. R. Frost,* for respondent.

BUNN, J.

This action was brought to recover damages for personal injuries sustained by plaintiff while a passenger on one of defendant's street railway cars on Lake street in Minneapolis. The issues were submitted to the jury, and a verdict returned in favor of defendant. Plaintiff appealed from an order denying his motion for a new trial. Plaintiff's main contention here is that the trial court committed prejudicial error in its instructions to the jury. Defendant contends that it was entitled to a directed verdict, or, if not, that there was no error in the instructions complained of.

There is little dispute as to the facts, which are briefly as follows: Plaintiff, with his fifteen year old daughter, late in the afternoon of August 26, 1910, visited "Wonderland," an amusement park on Lake street. They rode on the "merry-go-round," and about eight o'clock took the street car to return to Minneapolis. Plaintiff felt nauseated as a result of the rides in the park, and with his daughter got off the car. They resumed their journey on another car in about half an hour, taking a seat on the left side of the car; plaintiff sitting next to an open window, which had no screen. The feeling of nausea again seizing him, he thrust his head out of the open window, and it came in contact with the edge of an upright plank, causing

the injuries complained of. The plank was one used as sheathing in the excavation of lateral sewers leading from the main sewer, which was under the tracks. These lateral sewers were being put in at the time by the city.

The evidence of defendant's witnesses tended strongly to show that the planks next to the tracks were from twelve to fourteen inches distant from the side of the car, while plaintiff's witnesses testified that he did not extend his head farther than six inches out of the window, and that the sheathing was about that distance from the car as it passed.

It was admitted that Lake street had been torn up by these excavations for some months prior to the accident, and that the sheathing nearest the tracks had been in the same condition. Plaintiff was a visitor in Minneapolis and had no knowledge of the existence of the obstructions. It was dark at the time of the accident, and, while plaintiff had ridden to the park in the street car in the afternoon, there was no evidence that he noticed the conditions, and there is no reason for saying that he ought to have done so.

We cannot agree to defendant's contention that a verdict should have been directed in its favor on this evidence. In view of the high degree of care which the law imposed on defendant as a carrier of passengers, and its knowledge that these planks were in the street in close proximity to the sides of passing cars, it is clear, in our opinion, that it was a question for the jury whether defendant ought not to have taken means to guard its passengers from injury, either by posting notices warning of the danger, or by screening or placing barriers across the windows of the car.

We do not sustain defendant's contention that plaintiff was guilty of contributory negligence as a matter of law. It was an emergency that confronted him, and he had to act quickly. It was perfectly natural to do as he did. The window was open, and not barred or screened. Plaintiff had no knowledge of the presence of obstructions close to the track, and it was dark. It is not a case where a passenger deliberately extends part of his body beyond the side of the car out of motives of curiosity or pleasure, or a case where he moves or avoids a barrier or screen in order to relieve his nausea.

The cases relied on by defendant are largely based upon such facts. The question is whether plaintiff acted as a man of ordinary prudence would have done under like circumstances, and, viewing this question from a common-sense standpoint, we hold that plaintiff was not negligent as a matter of law. It follows that defendant was not entitled to a directed verdict.

It remains to consider whether the questions were submitted to the jury under instructions justly subject to the criticism that they were liable to mislead. The instructions complained of were as follows:

"Now, as a general rule of law, a carrier of passengers for hire is not liable to the passenger when the passenger protrudes his head or any part of his body outside of the lines of the car. As a general rule of law that is true. It is the passenger's duty to keep within the lines of the car, and a common carrier would not be responsible under ordinary conditions because a passenger protruded his body or any part of it outside of the lines of the car. But under some special circumstances and conditions that rule might change. For instance, a passenger laid his hand on an open window sill, and his fingers or his hands should happen to protrude in the natural way a little, or his elbow, or if he leans out in any way in a natural way, and the defendant happened to be negligent in having something in close proximity to that car, and an injury should occur, under circumstances of that kind the defendant might be liable."

The above instructions were assigned as error in the notice of motion for a new trial, and also on this appeal. In stating that as a general rule of law a carrier is not liable when a passenger protrudes his head or any part of his body outside of the lines of the car, the trial court probably gave correctly the general rule, if it is possible to formulate a general rule on the subject. In attempting to state an example of circumstances that might change the rule, the court apparently had in mind the facts in Dahlberg v. Minneapolis Street Ry. Co. 32 Minn. 404, 21 N. W. 545, 50 Am. Rep. 585. There is no serious fault with either proposition involved in the instructions assigned as error, save and except that neither was applicable to the facts in the case that was on trial. An instruction that plainly and simply told the jury that, if plaintiff failed to exercise

the care that a man of ordinary prudence would have exercised under similar circumstances, he was guilty of contributory negligence and could not recover, with a simple statement of the converse of this proposition, would have presented the issue to the jury in a way that could not confuse or mislead. Such an instruction is much preferable to the statement of abstract rules of law, and examples that are not drawn from the facts.

However, it was not prejudicial error to give the instructions, unless, considering the charge as a whole on the subject of contributory negligence, it appears probable that the jury received an erroneous idea, or were misled or confused. This must depend on the further instructions on the subject. Unless they served to clear up the impressions which the instructions above quoted would, unexplained, give to the jury, it is apparent that it must be held that it was reversible error to give abstract rules and illustrations that could only serve to convey a wrong understanding of the question to be decided. If, however, it was made clear to the jury what the real issue was, there was no reversible error in the instructions complained of, though not applicable to the particular facts in the case on trial.

Immediately after giving the instructions assigned as error, the trial court gave the following instructions: "In this case, if the plaintiff because of any sudden sickness protruded his head, and in doing so he used ordinary care, such care as a prudent and careful person in the exercise of ordinary care would use under the same conditions, and he did not protrude his head too far, then as a question of fact it would be for you to determine whether or not he was negligent. If you find from the evidence in this case that he did not use the degree of care that is required of him, taking into consideration the circumstances and conditions that surrounded him, and he protruded his head farther than he ought to, then he was guilty of contributory negligence, and he cannot recover. If he didn't protrude his head only to such extent as a person using ordinary care and caution would have done under the same circumstances, then you have a right to take into consideration, from all the evidence, whether or not he is entitled to recover."

118 M.—20.

We are constrained to hold that these instructions did not clearly or correctly tell the jury what the real issue was, or remove the confusion and misapprehension probably caused by the prior instructions. The jury is told that if plaintiff used ordinary care, such care as a *prudent and careful person* would use under the same conditions, *and did not protrude his head too far,* then as a question of fact "it would be for you to determine whether or not he was negligent." This instruction was incorrect and liable to mislead. It required of plaintiff the care that a prudent and careful person would use, it required that the jury find that he did not protrude his head *too far,* and told the jury that if they so found it was for them to determine whether or not he was negligent—not that he would not be negligent if he acted as a prudent and careful man would have acted, and did not protrude his head too far.

The conclusion that the charge as a whole was calculated to confuse and mislead the jury, instead of making plain the questions for decision, is strengthened by the evidence that there was confusion in the minds of the jurymen, as witnessed by the request for further instructions made after the jury had deliberated: "The jury would like to have the court explain again under what circumstances a man may extend his body outside the lines of a car, and what precaution, if any, he must take to avoid contributory negligence in case of accident." In response to this request for further enlightenment, the court merely caused the instructions already given and quoted herein to be re-read.

We have reached the conclusion that, considering that the evidence would have justified a verdict for plaintiff, it is probable that the instructions assigned as error, considered with the other instructions, confused and misled the jury to plaintiff's prejudice, and that there ought to be a new trial.

Order reversed, and new trial granted.