JACKSONVILLE ELECTRIC COMPANY, A CORPORATION, *Plaintiff in Error,* v. ALBERT J. DILLON, *Defendant in Error.*

Opinion Filed Feb. 11, 1914.

Rehearing Denied March 27, 1914.

1.  That the location of its parallel tracks was constructed under municipal direction is not a defense against injury to a passenger on a street car by a passing car, when the narrow

clearance between the cars is due to the act of the street car company in putting on much wider cars after the tracks were located.

2.  The possibility that the elbow of a passenger in a street car, with his arms resting naturally on the sill of an open window, may have slightly protruded will not prevent recovery when the sudden jerking of the car threw the arm out against a passing car.

3.  The testimony of a witness should not as matter of law be entirely rejected, because he stated that the sudden movement of the car threw him "forward."

4.  The court should not submit to the jury a count in a declaration which the evidence does not tend to support.

Writ of Error to Circuit Court for Duval County; George Couper Gibbs, Judge.

Judgment reversed.

*John L. Doggett,* for Plaintiff in Error;

*A. G.* and *John E. Hartridge,* for Defendant in Error.

COCKRELL, J.—For personal injuries, caused by the running of the cars operated by the Electric Company, Dillon recovered his judgment.

The record shows that while a passenger on a street car, with its windows open, Dillon was seated with his arm resting on the window sill, and his elbow possibly protruding; that as two cars were passing going in opposite directions on parallel tracks, the car in which he was seated was suddenly jerked, throwing his arm out, and owing to the narrow clearance between the two cars, it was struck by the other car and crushed. There

were three bars across the window, about the height of an ordinary-sized man's shoulders or head, but an open space of six or eight inches between the window sill and the lowest bar.

A defense was sought to be raised upon the theory that the city authorities had fixed the location of the parallel tracks, thereby exonerating the street car company. Among other reasons that may be given why this defense may not be entertained, may be noticed the fact that six years after the tracks were laid, the company put on wider cars, materially lessening the clearance space and in the absence of proper safeguards against such accidents as the one under consideration, requiring most careful handling in the operation of its cars. The evidence shows that the clearance between the cars of the width here used at this point was between six and one-half to eight inches, which might be considerably lessened by the oscillations of the two passing cars. For these conditions the street car company must be held responsible, and it will not be permitted as against an action for injury by a passenger, to shift the responsibility upon the municipality.

Much is said in behalf of the plaintiff in error, as to Dillon's negligence in putting his arm out of the car window. If it can ever be held to be negligence as matter of law for a passenger to put his arm out of the window of a street car, we fail to find sufficient facts on this record to justify the application of the rule. The evidence is merely as to a possibility that the elbow of the arm resting on the sill of the open window might have protruded, while there is positive evidence that the sudden jerking of the car threw the arm outside the window; the evidence further is that the window sill furnished a natural arm rest to one seated in the car.

We are asked to reject entirely the evidence of a witness as to the sudden movement of the car, because he stated he was thrown "forward." The motion to strike the testimony was not made until the evidence was closed, and the suggestion that the jerking forward was a physical impossibility is not then suggested. We cannot say that the jerking of a car may not throw a passenger seated therein forward as well as backwards; in point of fact, so far as our observation may go, there is not infrequently a double action, either way. The evidence was pertinent to the negligence alleged in propelling the car, under the circumstances already stated.

From what has been said, we are clearly of the opinion that the evidence would under the pleadings justify a finding of actionable negligence. There was, however, evidence for the defense, tending to show that the street car company was free from fault, and we cannot say as matter of law that the company was negligent. The integrity of the jury's verdict upon the disputed points is weakened by the very large amount of damages awarded, thirty-two thousand five hundred dollars for the loss of the left forearm, with but a scant showing of substantial pecuniary loss. It is true, the court ordered a remittitur of all in excess of twenty thousand, but this reduction does not absolve us from ascertaining whether some error of the court may have contributed to the verdict, adjudged by the trial court to have been so excessive.

The declaration consisted of three counts, and as to the first and third counts there was evidence to go to the jury. We think, however, the court erred in submitting to the jury the second count. There was no evidence that the parallel tracks were negligently constructed too close to each other; when constructed they offered no danger to passengers upon the cars then in use. The negligence

consisted in putting on years thereafter wider cars, without sufficient protective guards and in negligently operating such cars.

We suggest that upon any future trial, the second count be eliminated as a basis for recovery, and further that the unnecessary allegation in the third count, stating the purpose for which the iron bars were placed in the windows be also eliminated.

We discover no error in the admission or rejection of evidence, and the charges, except as above indicated, meet our approval.

The judgment is reversed.

SHACKLEFORD, C. J., AND TAYLOR, HOCKER AND WHITFIELD, J. J., concur.