ST. PETERSBURG & GULF RAILWAY COMPANY, *Plaintiff in Error,* v. S. VAN SMITH, *Defendant in Error.*

Opinion filed January 25, 1916.

Rehearing denied March 2, 1916.

Where punitive damages are not authorized by the case made, it is error to charge the jury upon the theory that punitive damages may be involved in the finding.

Writ of Error to Circuit Court, Pinellas County; F. M. Robles, Judge.

Judgment reversed.

*Lunsford & DeVane,* for Plaintiff in Error;

*Macfarlane & Chancey,* for Defendant in Error.

PER CURIAM.—The defendant in error obtained a judgment for $1,000.00 against the railway company for personal injuries and for injury to a mule and wagon received in a collision on the defendant's street railway track, and the defendant took writ of error. A number of errors are assigned and argued, but it is necessary to discuss only one. There is no evidence which would

warrant the infliction of punitive damages, yet the court charged the jury that if they find the "collision resulted from the gross carelessness and negligence on the part of the defendant's servants and employees in propelling and operating the said street car, you should find for the plaintiff in such sum as you may find from the evidence would be sufficient to compensate him for the damages occasioned to him by reason of such collision, and in addition thereto, such further sum, not altogether in excess of five thousand dollars, as punitive damages that you may find from the evidence to be reasonable and impose upon the defendant as a penalty. Before you can find punitive damages, however, you must find that the degree of negligence was so gross and flagrant in its character as to evince a reckless disregard of human life or the safety of persons exposed to its dangerous effects, or that there was such an entire want of care which would raise a presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation."

The statute provides that "a railroad company shall be liable for any damage done to persons, stock or other property, by the running of the locomotives, or cars or other machinery of such company." §3148 Gen. Stats. 1906, §3148 Florida Compiled Laws 1914.

Where punitive damages are not authorized by the case made, it is error to charge the jury upon the theory that punitive damages may be involved in the finding. Florida East Coast R. Co. v. Schumacher, 63 Fla. 137, 57 South. Rep. 603; Dowling Lumber Co. v. King, 62 Fla. 151, 57 South. Rep. 337.

For such an error the judgment will be reversed when the liability of the defendant is not clearly established and the amount awarded is apparently in excess of just compensation for the injury and loss shown to have been sustained.   Consolidated Grocery Co. v. Allman, 59 Fla. 230, 51 South. Rep. 928; Jacksonville Electric Co. v. Dillon, 67 Fla. 114, 64 South. Rep. 669.

The judgment is reversed and a new trial awarded.

All concur, except COCKRELL, J., absent by reason of sickness.