WILLIAM ROBEY *v*. BOSTON & MAINE RAILROAD.

January Term, 1917.

Present: MUNSON, C. J., WATSON, HASELTON, POWERS, and TAYLOR, JJ.

Opinion filed May 1, 1917.

*Trial—Motion for Verdict—Evidence—Federal Employers' Liability Act—Negligence—Safe Place Rule—Assumption of Risk—State Laws Superseded—Common Law—Burden of Proof.*

In passing upon a defendant's motion for a directed verdict, the evidence must be viewed in the light most favorable to the plaintiff.

Testimony which is not impossible, although it may be unreasonable, inconsistent or contradictory, is for the jury to weigh and consider.

The gist of an action brought under the Federal Employers' Liability Act is negligence.

In an action brought under the Federal Employers' Liability Act wherein it appeared that plaintiff, a railroad employee, was injured by being thrown from a hand-car, having stepped upon loose bolts which were carried upon the floor of the car, evidence *held* to warrant the inference that whoever put the bolts there or suffered them to remain failed to act the part of a prudent man according to the requirements of the safe place rule as interpreted by the Federal Supreme Court.

Under the Federal Employers' Liability Act it is of no consequence whether the failure to provide a safe working place is due to the act of a co-servant or a vice-principal.

Under the Federal Employers' Liability Act, an employee assumes the normal hazards incident to his employment, but not risks due to the negligence of the employer or a fellow servant, which are not known to him, and is not under a duty of inspection to ascertain that such risks do not exist.

On the facts, *held*, that it could not be said as matter of law that a loose bolt lying on the floor of a hand-car, by stepping upon which plaintiff was thrown from the car and injured, was so plainly observable that plaintiff would be taken to have seen it.

The Federal Employers' Liability Act supersedes all state laws covering the same field.

In actions brought under the Federal Employers' Liability Act the common law as interpreted and applied by the Federal Courts is to control.

In actions brought under the Federal Employers' Liability Act the burden of proof on the question of assumption of risk is on defendant, and unless the evidence tending to show it is clear and from unimpeached witnesses and free from contradiction, the trial court cannot be charged with error in refusing to take the question from the jury.

ACTION to recover for personal injuries, brought under the Federal Employers' Liability Act. Plea, the general issue. Trial by jury at the March Term, 1916, Orleans County, *Waterman*, J., presiding. Verdict for the plaintiff. Defendant excepted. The opinion states the case.

*George B. Young* and *Walter H. Cleary* for defendant.

*Porter, Witters & Harvey* for plaintiff.

POWERS, J. Robey sues the company under the Federal Employers' Liability Act. He was a section man, and was, when injured, riding to his work on a pump hand-car, provided by the defendant for that purpose. At the close of the evidence, the defendant moved for a directed verdict, and the only questions presented for review are brought here by exceptions to the action of the court below in overruling this motion.

The evidence was sharply conflicting; but viewing it in the light most favorable to the plaintiff (as we must under the motion), the following facts were fairly and reasonably within its tendency: The plaintiff did not arrive at the car-house on the morning of the accident until his fellow-workmen had loaded the hand-car, and were about ready to start out for their work. It was the well known custom of the workmen to carry tools, bolts and other material on the car, but never before during the plaintiff's employment had any loose bolts been carried on the floor of the car; they had always been carried in a box or keg provided for the purpose. On this particular morning, in addition to the usual number of bars, shovels, picks and adzes, there had been dumped onto the floor of the car a quantity of loose bolts. About half of them were without nuts, and they would

roll about on the floor, and there was nothing to prevent them from rolling to the parts of the car occupied by the plaintiff. When he arrived that morning, seven men had already taken their places on the car. Three stood on the south end, two on the north end, and two between the handles. He did not see the bolts and did not know they were there. He mounted the car, and took his place on the south end, finding there plenty of room, and took hold of the pumping-bar with his right hand, standing sideways. Leach stood at the bar to his left, and Bovin to his right. As the bar went down in the operation of the car, all let go of it as it passed below normal reach, catching it again as it came back up,—which was a safe and proper method. The plaintiff had frequently ridden on the front end of the car and knew all about the perils incident to that position. The car proceeded south at about four or five miles an hour; the track was smooth, and the car was in good repair. The plaintiff was watching the track for defects, as was his duty according to instructions from his superior. All at once Leach bumped against him and as he took a step backward, he stepped on a bolt; this rolled under his foot and he lost his balance and fell from the car, and suffered the injuries sued for.

We are well aware that the foregoing is a very different case from that treated in the defendant's brief, but it is the case made by the record before us. The defendant ignores the testimony given by the plaintiff himself, and the inferences fairly deducible therefrom,—but we cannot. This testimony may have been unreasonable; it may have been inconsistent; it may have been contradictory; but it was not impossible, and therefore it was for the jury to weigh and consider. *Pocket* v. *Almon,* 90 Vt. 10, 96 Atl. 421; *Jacksonville Elec. Co.* v. *Dillon,* 67 Fla. 114, 64 South. 669.

We agree with the defendant that the gist of the action is negligence (*Seaboard Air Line Ry.* v. *Horton,* 233 U. S. 492, 58 L. ed. 1062, 34 Sup. Ct. 635, L. R. A. 1915C, 1, Ann. Cas. 1915B, 475), but we cannot agree that there was no evidence to carry the case to the jury on that question. The fact that these loose bolts were carried on the floor of the car instead of in the box or keg, where they were liable to roll around or be scuffled about by the feet of the men, until, as might reasonably have been expected, one was stepped on with disastrous results, was enough to warrant the inference that whoever put them there or suffered

them to remain there failed to act the part of a prudent man according to the requirements of the safe place rule as interpreted by the Federal Supreme Court. *Seaboard Air Line Ry.* v. *Horton, supra.* Whether this was the act of a co-servant or a vice-principal is of no consequence in this action. *Mondou* v. *New York, N. H. & H. R. Co.*, 223 U. S. 3, 56 L. ed. 327, 32 Sup. Ct. 169, 38 L. R. A. (N. S.) 44; *Pedersen* v. *Delaware, L. & W. R. Co.*, 229 U. S. 146, 57 L. ed. 1125, 33 Sup. Ct. 648, Ann. Cas. 1914C, 153.

Nor did the plaintiff assume the risk. To be sure he assumed the normal hazards incident to riding on the front end of this car. But this particular risk,—the risk of being thrown from the car by stepping on a rolling bolt, carelessly left on the floor by a fellow-workman,—he did not assume; for that was abnormal, and he knew nothing of it. He was not obliged to inspect the car; he had a right to assume that the perils of his position had not being affected by the negligence of his master or his companions. *Gila Valley, G. & N. R. Co.* v. *Hall*, 232 U. S. 94, 58 L. ed. 521, 34 Sup. Ct. 229; *Chicago & N. Ry. Co.* v. *Bower*, 241 U. S. 470, 60 L. ed. 1107, 36 Sup. Ct. 624. The plaintiff did not know the bolt was there, and in view of the facts that he was watching the track as his duty required, that there were tools and implements on the floor of the car, and that there were seven other men standing on it, it cannot be said as matter of law that it was so plainly observable that he will be taken to have seen it. Therefore this question was for the jury.

Our own cases are much in point. In *Vaillancourt* v. *Grand Trunk Ry. Co.*, 82 Vt. 416, 74 Atl. 99, the plaintiff was attempting to board a moving train. A clinker had carelessly been left near the track. As he ran along by the side of the train watching his chance to mount in safety, he stepped on the clinker and was thrown. But for the clinker, he doubtless assumed the risk; but the presence of that, however, entirely changed the situation. The perils of his position as affected by it were not assumed, because they were unknown to him. In *Cross* v. *Passumpsic Fibre Leather Co.*, 90 Vt. 397, 98 Atl. 1010, the plaintiff assumed all risks except the one that caused his accident. That he knew nothing about, and so did not assume it.

This refernce is not to be taken as indicating that we have overlooked the fact that we are here dealing with a Federal Statute, and that it supersedes all state laws covering the same

field. *White's Admrx.* v. *Cent. Vt. R. Co.*, 87 Vt. 330, 89 Atl. 618; *Mondou* v. *New York, N. H. & H. R. Co.*, 223 U. S. 3, 56 L. ed. 327, 32 Sup. Ct. 169, 38 L. R. A. (N. S.) 44. We appreciate this and we recognize the fact that it is the common law as interpreted and applied in the Federal Courts that is to control. *Southern Ry. Co.* v. *Gray's Admrx.*, 241 U. S. 333, 60 L. ed. 1030, 36 Sup. Ct. 558. But, generally speaking, so far as here involved the law of the Supreme Court of the United States is in harmony with our own, as will appear from the following cases: *Gila Valley, etc., Ry. Co.* v. *Hall*, 232 U. S. 94, 58 L. ed. 521, 34 Sup. Ct. 229; *Central Vt. Ry. Co.* v. *White's Admrx.*, 238 U. S. 507, 59 L. ed. 1433, 35 Sup. Ct. 865, Ann. Cas. 1916B, 252; *Chesapeake & Ohio Ry. Co.* v. *De Atley*, 241 U. S. 310, 60 L. ed. 1016, 36 Sup. Ct. 564; *Chicago & N. W. Ry. Co.* v. *Bower*, 241 U. S. 470, 60 L. ed. 1107, 36 Sup. Ct. 624. In this one important particular, however, it differs. The burden of proof on this question of assumption of risk is on the defendant, and not on the plaintiff, and unless the evidence tending to show it is clear and from unimpeached witnesses, and free from contradiction, the trial court cannot be charged with error in refusing to take the question from the jury. *Kanawha & Mich. Ry. Co.* v. *Barry's Admr.*, 239 U. S. 576, 60 L. ed. 448, 36 Sup. Ct. 174.

The defendant also argues the question of contributory negligence. But, recognizing the fact that the third section of the act expressly limits the effect of contributory negligence to a reduction or apportionment of the damages, it puts its proposition thus: "If the sole cause of the employee's injury is his own act, whether negligent or not, there can be no recovery under the Federal Employer's Act. Of course; this is but another way of saying that if there is no negligence on the part of the defendant, there can be no recovery against him. The point does not require separate discussion.

Other questions made below are not briefed.

*Judgment affirmed.*