**MOTOR TRANSIT COMPANY, a corporation, v. JOHN M. HUTCHINSON, JR., by JOHN M. HUTCHINSON as his next friend.**

19 So. (2nd) 57                                    June Term, 1944
August 1, 1944                                          En Banc
Rehearing denied September 13. 1944

*Fleming, Jones, Scott & Botts, F. P. Fleming* and *Charles R. Scott,* for appellant.

*Evan T. Evans,* for appellee.

BUFORD, C.J.:

We think the record clearly and positively establishes contributory negligence on the part of plaintiff which bars recovery and therefore judgment should be reversed.

So ordered.

TERRELL, BROWN, THOMAS and SEBRING, JJ., concur.

CHAPMAN and ADAMS, JJ., dissent.

ADAMS, J., dissenting:

Appellant is a common carrier of passengers by motor bus in the City of Jacksonville. Appellee became a passenger about twelve o'clock at night and while in transit became sick with nausea and responding to an immediate urge to vomit attempted to thrust his head out an open window rather than to wait to vomit in the bus to the discomfort and embarassment of the other passengers. While his head was about four or five inches out the window the top and left side of his head struck an upright light pole resulting in the injury sued for.

He recovered a judgment and it is challenged here because: (1) There is shown no causal connection between the negligence and injury; (2) Appellee was guilty of contributory negligence; (3) Appellee's negligence was the sole proximate cause of his injury.

The burden of this challenge contemplates that appellant's position must be sustained as a matter of law and thereby remove each question from the jury. The question of negligence in the operation of the motor bus entails consideration of many things. A.C.L.R.R. Co. v. Watkins, 97 Fla. 350, 121 So. 95. The same is true in determining whether appellee was guilty of neglect which resulted or contributed to his injury. If from the entire evidence different inferences may be drawn, then it is a jury question.

The trial judge had the witnesses before him and the judgment enjoys his sanction which requires us to view the evidence in its most favorable light to the appellee.

The law places a very high responsibility on a common carrier of persons. A common carrier must exercise the highest degree of care and diligence commensurate with the mode of transportation and the normal pursuit of its business. 10 Am. Jur. (Carriers) Sec. 1245. The application of this rule is necessarily dependent upon the facts of each case. F.E.C. Ry. Co. v. Carter, 67 Fla. 335, 65 So. 254.

The circumstances here are that the mishap occurred about midnight; the bus was late and running fast; it was crossing a narrow bridge where some car rails were being removed which left barely enough room to pass without running up on the curb. The post which struck appellee stood about eight inches inside the curb. The body of the bus was flush with the wheels. The rails were not being removed from the other side of the street car over the bridge and the passage on that side was wider. The open window, where the injury occurred, was the only one open on the bus. None of the windows had screens or bars. Appellee was seized with nausea and as the trial judge said "He had an immediate urge to relieve himself" and it was only natural and commendable that he should do as he did. It is true he was familiar with the bridge and was charged with notice of the conditions, yet it was night and he was ill and had no reason to suppose that the proximity of the bus was so near the pole or that the bus was then approaching the bridge. In view of these circumstances we cannot say that the case was not one for the jury. See Lacey v. Minneapolis St. Ry. Co., (Minn.) 136 N.W. 878. There is a difference in this and many cases called to our attention where the vehicle is running upon a fixed track. See commentaries on Law of Negligence, Vol. III, page 944, by Thompson. Allowing an elbow to protrude from a street car window has been held not negligence as a matter of law. Kird v. New Orleans & N.W. Ry. Co. 109 La. 525, 33 So. 587. This Court has long been of the opinion that not every act of allowing the body to protrude from a street car would as a matter of law preclude recovery. Jacksonville Electric Co. v. Dillon, 67 Fla. 114, 64 So. 669.

CHAPMAN J., concurs.